PER CURIAM.
Appellant, N.H., challenges the trial court’s order placing him in a low-risk commitment program. Appellant argues, and we agree, that the trial court failed to comply with the requirements of E.A.R. v. State, 4 So.3d 614 (Fla.2009), when it deviated from the recommendation of the Department of Juvenile Justice (DJJ). Therefore, we reverse Appellant’s commitment order.
Appellant was tried and found guilty of robbery, and he pled guilty to making threats to a school official. DJJ recommended placing Appellant on probation, requiring him to attend Jacksonville Marine Institute, and continuing counseling for his anger management issues. At the disposition hearing, the trial court deviated from DJJ’s recommendation and committed Appellant to a low-risk program. The trial court entered a written order providing reasons for the departure; however, the court’s reasons fell short of the analysis required by E.A.R. because they did not demonstrate an understanding of the respective characteristics of the restrictiveness levels and they did not explain why low-risk commitment better served the rehabilitative needs of Appellant. Based on the strict requirements ‘ of E.A.R., we reverse the commitment order and remand to provide the trial court with an opportunity to enter an order in compliance with E.A.R., or, if the trial court cannot, impose the probation recommended by DJJ. M.H. v. State, 69 So.3d 325, 328 (Fla. 1st DCA 2011); C.M.H. v. *988 State, 25 So.3d 678, 680 (Fla. 1st DCA 2010).
REVERSED and REMANDED.
DAVIS and ROBERTS, JJ., concur; BENTON, C.J., dissents without opinion.